**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 24-129-DLB-CJS**

**BRIAN JOHNSON**                                                                                         **PLAINTIFF**

v.                **ORDER ADOPTING REPORT AND RECOMMENDATION**

**WALMART, INC.**                                                                                       **DEFENDANT**

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court upon Magistrate Judge Candance J. Smith's Report and Recommendation ("R&R") (Doc. # 16), wherein she recommends that Defendant's Motion to Dismiss (Doc. # 15) be granted. (Doc. # 16 at 5). *Pro se* Plaintiff Brian Johnson filed objections to the R&R (Doc. # 21). Defendant did not file a response and the time to do so has passed. Accordingly, the R&R is now ripe for the Court's review. For the following reasons, Plaintiff's objections are **overruled**, the R&R is **adopted**, and Defendant's Motion to Dismiss is **granted**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

In June 2024, Plaintiff, represented by Attorney Darrell Cox, filed this action against Defendant in Kenton Circuit Court. (Doc. # 1-3). Plaintiff's Complaint states that on August 14, 2023, Plaintiff entered a Walmart store in Fort Wright Kentucky, which is owned and controlled by Defendant. (*Id*. at ¶ 3). Plaintiff claims that while on the premises, he "slipped and fell upon a spill in the store aisle, sustaining serious and permanent injury to both his body and his mind." (*Id*. at ¶ 4). Plaintiff alleges that as a

1

result, he "has suffered, is suffering and will continue to suffer great physical pain, mental anguish and loss and enjoyment of life." (*Id*. at ¶ 7).

On August 21, 2024, Defendant removed the case to this Court. (Doc. # 1). On January 20, 2025, Mr. Cox filed a Motion to Withdraw as Attorney based on "irreconcilable differences." (Doc. # 12). On January 22, 2025, Judge Smith held a telephone conference with counsel and Plaintiff, who was incarcerated at the Kenton County Detention Center at that time. (Doc. # 14). Following the conference, the Court ordered Plaintiff to make a Notice filing by February 12, 2025, regarding whether he had any objection to his counsel's requested withdrawal. (*Id*.). Moreover, even if Plaintiff did not object to his counsel's withdrawal, the Court informed him he must still make a Notice filing on whether he intended to continue to pursue the case. (*Id*.). Plaintiff did not file a Notice. On February 28, 2025, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) (Doc. # 15). Plaintiff did not file a response. On March 21, Judge Smith issued an R&R recommending the Court grant Defendant's Motion and dismiss Plaintiff's Complaint without prejudice for lack of prosecution and failure to comply with Court Orders. (Doc. # 16 at 5).

On March 27, 2025, the Court received a letter from Plaintiff requesting the Court not dismiss his case, stating that he faced health and financial issues, making prosecution difficult. (Doc. # 18). Upon receipt of this letter, Judge Smith held a Status Conference on April 7, 2025, to address the Plaintiff's intentions moving forward. (Doc. # 19). Following the Status Conference, the Court ordered Plaintiff to submit any Objections to the Report and Recommendation by May 2, 2025. (Doc. # 20). Plaintiff filed his objections on April 28, 2025 (Doc. # 21). Defendant did not file a reply to the objections.

2

## II.  ANALYSIS

### A.  Standard of Review

A magistrate judge may be designated to consider and "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a pretrial matter. 28 U.S.C. § 636(b)(1)(A)-(B). Within fourteen days of its filing, any party may file written objections to a magistrate judge's R&R; the district judge must then review de novo the objected-to portions of the R&R. *Id.* at § 636(b)(1)(C). "A judge of the court may [then] accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Therefore, objections to a magistrate judge's R&R must be "specific." Fed. R. Civ. P. 72(b)(1). Vague, general, or conclusory objections are improper, will not be considered by the reviewing court, and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issue of contention, does not satisfy the requirements that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Objections that merely state disagreements with the magistrate judge's conclusion or restate arguments previously presented to the magistrate judge are similarly improper. *United States v. Bowers*, No. 0:06-cv-7-DLB-REW, 2017 WL 6606860, at *1 (E.D. Ky.

Dec. 26, 2017); *United States v. Vanover*, 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017).

A court should, however, construe filings from a *pro se* litigant liberally, *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985), though this requirement is not absolute, *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  Such "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf," *Martin*, 391 F.3d at 714, and "pro se parties must still brief the issues advanced 'with some effort at developed argumentation,'" *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) (quoting *United States v. Reed*, 167 F.3d 984, 993 (6th Cir. 1999)).  Additionally, a pro se petitioner is not exempt from following the rules of the court.  *Ashenhust v. Ameriquest Mortg. Co.*, No. 07-13352, 2007 WL 2901416, at *1 (E.D. Mich. Oct. 3, 2007) (citing *McNeill v. United States*, 508 U.S. 106, 113 (1993)) (While "[t]hese [objection] rules are tempered by the principle that *pro se* pleadings are to be liberally construed . . . a *pro se* litigant must still comply with the procedural rules of [the] court.").  Given this standard, Plaintiff's objections will be construed leniently by the Court.

**B.    Plaintiff's Objections**

In issuing her recommendation, Judge Smith considered the four factors under a Rule 41(b) dismissal.  (Doc. # 16 at 3-4).  In her analysis, Judge Smith noted that Plaintiff failed to comply with a court order, failed to make a Notice filing, was on notice of possible dismissal if he failed to file his Notice, and therefore effectively abandoned his case.  Judge Smith thus concluded that "[a]ll factors weigh in favor of dismissal here." (*Id*. at 4).  However, Judge Smith found that dismissal without prejudice was the appropriate

4

sanction, and therefore recommended Defendant's Motion be granted, and Plaintiff's Complaint be dismissed without prejudice. (*Id*. at 5).

In the letter Plaintiff filed after Judge Smith issued her R&R, he requested the case not be dismissed due to his financial, mental, and physical issues. (Doc. # 18). Following the Status Conference on April 22, 2025, Plaintiff timely filed Objections to the R&R (Doc. # 21). Plaintiff objects to Judge Smith's recommendations on three grounds. First, he argues that Mr. Cox "did not represent [him] to the best of his ability[.]" (Doc. # 21 at 1). Second, he argues that due to his accident, he has had severe mental and financial issues making it difficult to prosecute the case. (*Id*.). Finally, Defendant argues that because he was previously incarcerated, he had a difficult time communicating with both his counsel and Defendant, but since his release, is making an effort to obtain new counsel. (*Id*. at 2). In conclusion, Plaintiff asks that the case "not be dismissed because [he] was injured pretty bad and ha[s] had 1 surgery so far" and therefore is entitled to "lost wages due to the accident." (*Id*.). In view of Plaintiff's *pro se* status, the Court will consider each category of objections in turn out of an abundance of caution.

### 1. Attorney Cox's Representation

Plaintiff first objects to Judge Smith's finding on the grounds that his "previous lawyer did not represent [him] to the best of his ability or take [his] case serious[ly]." (Doc. # 21 at 1). Plaintiff states that he and Mr. Cox "could not reach an agreement on anything" and that Plaintiff believed that Mr. Cox could not represent him anymore "because he never communicated with [Plaintiff] unless [Plaintiff] contacted him." (*Id*.). Plaintiff's argument is not convincing. Mr. Cox moved to withdraw on January 20, 2025 (Doc. # 12). Subsequently, the Court held a Status Conference, wherein the Court directed

Plaintiff to file a Notice by February 12, 2025, informing the Court on whether he intended to proceed with this case. (Doc. # 14). This Court explicitly warned Plaintiff that "**failing to make this Notice filing will likely result in the undersigned recommending to the presiding District Judge that the case be dismissed without prejudice**." (Doc. # 14 at 2) (bold in original). Nevertheless, Plaintiff failed to file a Notice. On February 28, 2025, sixteen (16) days after the Notice deadline had passed, Defendant filed its Motion to Dismiss (Doc. # 15). Plaintiff yet again did not communicate with the Court, as the time for a response to Defendant's Motion passed without any filings from Defendant. Following Plaintiff's lack of participation in the case, and the disregard of Court Orders, Judge Smith granted Defendant's Motion, recommending the case be dismissed. (Doc. # 16). It was not until March 27, 2025, that Defendant communicated with the Court for the first time since the Status Conference on January 22, 2025. It is clear to the Court that the events which laid the basis for Defendant's Motion to Dismiss, and Judge Smith's recommendation, occurred after Attorney Cox had withdrawn from this case. Therefore, Plaintiff's argument that the case should not be dismissed because his attorney did not properly represent him is irrelevant—the basis of Judge Smith's conclusion rested on Plaintiff's inaction, not his previous attorney's. Accordingly, Plaintiff's first objection is **overruled**.

### 2. *Mental and Financial Hardship*

Next, Plaintiff objects to Judge Smith's conclusion on the grounds that due to the accident underlying this case, he has struggled with "severe financial issues" making his "mental health worse with depression and anxiety" which "makes it very hard to keep up with appointments and remembering things." (Doc. # 21 at 1). While the Court is

6

sympathetic to Plaintiff's circumstances, Plaintiff repeatedly failed to take necessary steps to prosecute his case. *See Vasser v. Shiroki N. Am*., No. 2:19-cv-00098, 2021 WL 6750849, at * 7 (M.D. Tenn. Dec. 3, 2021) (recommending dismissal because the plaintiff's mental and physical challenges did not "relieve her of the responsibility to prosecute the case she initiated . . . ."). Moreover, while Plaintiff states that his various financial and mental health problems make it hard to prosecute this case, he "has not explained specifically how those medical and mental problems prevented him from filing the necessary responses." *Watson v. Corr. Corp. of Am*., No. 14-1307-JDT-cgc, 2018 U.S. Dist. LEXIS 48962, at * 3 (W.D. Tenn. Mar. 26, 2018) (adopting an R&R recommending dismissal after Defendant failed to comply with the Court's show cause order, claiming that he was "overwhelmed and plagued" by mental health problems).[1] Therefore, Plaintiff's second proffered objection to Judge Smith's recommendation is **overruled**.

### 3. *Incarceration*

Finally, Plaintiff objects to Judge Smith's conclusion that he failed to prosecute his case because he was incarcerated so he could not communicate with his prior attorney or opposing counsel. (Doc. # 21 at 1). Plaintiff further states that since being released from Kenton County Detention Center, he has "been diligent about finding another lawyer." (*Id*. at 2). The Court certainly understands that incarceration may have made pursing the case more difficult for Plaintiff. However, in his Objections, Plaintiff specifically states that incarceration made it difficult to "communicate with Darrell Cox or Walmart Inc to let them know what was going on." (*Id*. at 1). However, Plaintiff fails to

---

[1]   Because the *Watson* case is unavailable on Westlaw, the Court will refer to its Lexis Advance citation.

elaborate on why he could not follow Court Orders or communicate at all with the Court. While finding a new attorney may be difficult while incarcerated, the Court specifically directed Plaintiff to inform this Court on whether he intended to move forward with his case. *See* (Doc. # 14 at 2) (ordering Plaintiff to inform the Court on "whether he intends to continue to pursue this case and, if so, whether he will be representing himself . . . or retaining another attorney to represent him."). Had Plaintiff intended to move forward, and not abandon his case, he should have filed a Notice explaining his intent to continue to pursue the case and his active search for new counsel. Unfortunately, Plaintiff only communicated with the Court after the deadlines for both the Notice filing and response to Defendant's Motion to Dismiss had passed, as well as after Judge Smith entered her R&R. While the Court is sympathetic to the challenges Plaintiff faced while incarcerated, such a basis does not warrant rejection of Judge Smith's R&R. Therefore, Plaintiff's third and final proffered objection is **overruled**.

### III.    CONCLUSION

In sum, Plaintiff's objections to Judge Smith's conclusion do not warrant rejecting the R&R. Additionally, the Court has reviewed the entirety of Judge Smith's R&R and finds that Judge Smith's analysis and conclusions are sound in all respects, including her conclusion that Plaintiff's case shall be dismissed without prejudice. Accordingly, for the reasons set forth herein,

**IT IS ORDERED** as follows:

(1)    Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. # 21) are hereby **OVERRULED**;

8

(2) The Magistrate Judge's Report and Recommendation (Doc. # 16) is hereby **ADOPTED** as the findings of fact and conclusions of law of this Court;

(3) Defendant's Motion to Dismiss (Doc. # 15) is hereby **GRANTED**;

(4) This matter be and is hereby **DISMISSED AND STRICKEN** from the Court's active docket; and

(5) A separate **Judgment** will be filed concurrently herewith.

This 22nd day of May, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2024\24-129 Order Adopting R&R.docx